FILED
CLERK, U.S. DISTRICT COURT

NOV - 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN GRAULICH,<br><br>Plaintiff,<br><br>v.<br><br>RABOBANK, NATIONAL ASSOCIATION; DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 11-2288 DMG (Ex)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER CONCERNING THE EXCHANGE OF CONFIDENTIAL INFORMATION** |

|     |     |
| --- | --- |
| 1   | The parties, Plaintiff Marilyn Graulich ("Plaintiff") and Defendant |
| 2   | Rabobank, National Association ("Defendant"), through their attorneys of record, |
| 3   | have stipulated and requested that the Court order as follows: |
| 4   | 1.      Counsel are permitted to designate as "CONFIDENTIAL," any |
| 5   | document, testimony, information or material disclosed, or to be disclosed, through |
| 6   | formal discovery or otherwise in the court of this litigation in the manner |
| 7   | hereinafter set forth.  Counsel are permitted to designated as "CONFIDENTIAL" |
| 8   | only those documents as to which counsel entertains a good-faith belief that such |
| 9   | document is entitled to confidentiality.  Such designation shall, without more, |
| 10  | subject the information produced or provided under said designation to the |
| 11  | provisions of this Stipulated Protective Order. |
| 12  | 2.      Any writing, document, or other information produced by any |
| 13  | party or person in this litigation may be designated as "CONFIDENTIAL" by |
| 14  | stamping the word "CONFIDENTIAL" on the face of the writing, document or |
| 15  | other information. |
| 16  | 3.      Any party, or counsel for such party, may designate deposition |
| 17  | testimony or any portion of deposition testimony as "CONFIDENTIAL" by |
| 18  | advising the reporter and counsel of such designation during the course of the |
| 19  | deposition or within 45 days of receipt of the deposition transcript.  Portions of any |
| 20  | deposition designated "CONFIDENTIAL" are to be marked as such by the reporter |
| 21  | and are also to bear substantially the following designation:  "Portions of this |
| 22  | deposition were taken subject to the Protective Order of the Court.  These portions |
| 23  | shall remain confidential and shall be treated according to the requirements of the |
| 24  | Court's Order."  Whenever any writing designated as "CONFIDENTIAL" is |
| 25  | identified as an exhibit in connection with testimony given in this litigation, it shall |
| 26  | be so marked and it shall be subject to all of the requirements of the Court's order. |
| 27  | 4.      Any party to this litigation, or counsel for such party, may |
| 28  | designate as "CONFIDENTIAL" its responses to interrogatories or to requests for |

1  admission by labeling each response "CONFIDENTIAL."

2      5.    "CONFIDENTIAL" material includes all material designated "CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order, as well as summaries and compilations derived from such materials, including but not limited to charts, tables, graphs and models.

    6.    Except upon prior written consent of the party or counsel for the party asserting "CONFIDENTIAL" treatment, or upon further order of this court, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strictest confidence, shall be kept securely, and shall be used solely for the purpose of prosecution or defense of this litigation and not for any business purpose whatsoever.

    7.    Access to "CONFIDENTIAL" documents, testimony, information or materials, as well as written or oral summaries or accounts thereof, shall be limited to:

    (a)    Counsel for the respective parties (including in-house counsel and co-counsel) and employees of said counsel who are assisting in the prosecution or defense of this litigation;

    (b)    Experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

    (c)    Officers, Directors or employees of the respective parties;

    (d)    Percipient witnesses;

    (e)    Parties to the litigation; and

    (f)    The Court and officers of the Court.

    8.    No party (including all individuals mentioned in ¶7(a)) shall, for itself or any person or person acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to

1  conduct this litigation.

2      9.    Each person other than counsel and their staff or parties to
3  whom a party discloses material marked "CONFIDENTIAL" by the opposing party
4  shall be shown a copy of this Stipulated Protective Order prior to such disclosure
5  and shall acknowledge in writing his or her consent to be bound by its terms. The
6  party disclosing any "CONFIDENTIAL" material pursuant to this paragraph shall
7  be required to maintain such written acknowledgments, but shall not be required to
8  disclose the identities of persons having reviewed the "CONFIDENTIAL" material.

9      10.    If any party, or such party's counsel, objects to the designation
10 of any document, testimony, information or material as "CONFIDENTIAL" the
11 parties shall meet and confer in an effort to resolve any such dispute. If the parties
12 are unable to resolve such dispute, the objecting party may bring a motion to have
13 the contested information declared non-"CONFIDENTIAL." Unless and until an
14 order is entered to the contrary, the documents, testimony, information or material
15 shall be given the "CONFIDENTIAL" treatment initially assigned to it and
16 provided for in the stipulated protective order.

17     11.    Nothing in this Stipulated Protective Order shall be construed as
18 prohibiting a party, or its counsel, from using or disclosing material it has
19 designated as "CONFIDENTIAL."

20     12.    Upon termination of this litigation, upon request of producing
21 party, all originals and copies of "CONFIDENTIAL" documents, testimony,
22 information or material (and all summaries thereof) shall be returned to counsel for
23 the producing party or destroyed (if the documents are not originals and are subject
24 to privilege rights of the party to whom the confidential information was produced)
25 unless otherwise ordered by the court for good cause shown.

26     13.    All persons who are granted access to "CONFIDENTIAL"
27 documents, including any party to this action, their attorneys, or others who
28 acknowledge their consent to be bound by this Stipulated Protective Order but fail

1  to comply with its provisions may be held in contempt for violation of this Court's
2  order.

3
4  **IT IS SO ORDERED**.

   Dated: __11/4__, 2011

                                          _____
                                          Hon. ~~Dolly M. Gee~~ *Charles F. Eick*
                                          United States ~~District Court Judge~~
                                          *Magistrate Judge*

- 4 -